# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | FREDERICK J. KAPALA | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50140 | **DATE** | October 10, 2012 |
| **CASE TITLE** | Charles Williams (#N-10886) vs. Imhotep Carter, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant Wexford Health Sources' motion to dismiss [#14] is granted. Wexford Health Sources, Inc., is dismissed as a defendant pursuant to Fed. R. Civ. P. 12(b)(6).

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, health care providers at the Dixon Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he received inadequate care for degenerative hip problems. Defendant Wexford Health Sources, Inc., has filed a motion to dismiss the complaint for failure to state a claim against the corporation. For the reasons stated in this order, the motion is granted.

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff need only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971

**(CONTINUED)**

mjm

(7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Bell Atlantic Corp.*, 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

**1. The Plaintiff Exhausted Administrative Remedies**

Wexford's motion to dismiss on grounds of non-exhaustion is denied. The plaintiff's failure to expressly name Wexford in his grievances is not fatal to his claims. "When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). A major purpose of the exhaustion requirement is to give prison administrators prompt notice of problems, so that they may be corrected internally in the first instance and an administrative record developed prior to suit. *Porter, supra*, 534 U.S. at 524-25; *Smith v. Zachary*, 255 F.3d 446, 450-51 (7th Cir. 2001).

A prisoner need not specify by name each person against whom he addresses his grievance. *Turley v. Catchings*, No. 03 C 8491, 2004 WL 2092008, at *3 (N.D. Ill. Sep. 15, 2004) (Norgle, J.). The PLRA statute "does not require a prisoner to name each prospective defendant in his grievance, even if the prospective defendant was known to the prisoner when the grievance was written. A prisoner can 'object intelligibly to some asserted shortcoming' without naming or blaming anyone; he might, for example, simply complain to the warden that he hasn't been fed for two days." *Murray v. Artz*, No. 02 C 8407, 2002 WL 31906464, at *4 (N.D. Ill. Dec. 31, 2002) (Kennelly, J.)

**(CONTINUED)**

| STATEMENT (continued) |
|---|

The court recognizes that the Illinois Administrative Code does require inmates to provide "the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Admin. Code § 504.810(b). Furthermore, both *Jones v. Bock*, 549 U.S. 199, 218 (2007) and *Barnes v. Briley*, 420 F.3d 673, 679 (7th Cir. 2005) addressed situations where prison rules did not require inmates to name each prospective defendant in his grievance, which is currently not the case in the Illinois prison system. Generally, in order to exhaust, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2001). An inmate must comply with the rules established by the State with respect to the form, timeliness, and content of grievances. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). But in this case, where the plaintiff is claiming a broad denial of proper treatment by the health care unit as a whole, he will not be found at fault for failing to name Wexford itself. As the provider/employer of Dixon's medical staff, Wexford was presumably in a position to address the plaintiff's concerns about the quality of his medical care.

**2. The Complaint Nevertheless Fails to State a Viable Claim Against Wexford Health Sources, Inc.**

Notwithstanding the petitioner's satisfaction of the exhaustion requirement, the complaint fails to state a tenable claim against Wexford, the entity that employs the plaintiff's treating physicians. Even assuming both that the plaintiff has a serious medical need and that he has received inadequate medical care, he is essentially suing Wexford on the basis of *respondeat superior* (supervisory liability).

The plaintiff alleges, as pertinent to Wexford, the following facts: In 2007, the plaintiff was diagnosed with an unspecified "left hip complication" that causes him pain and discomfort. In 2010, his condition deteriorated; the pain medication became ineffective and he began to experience difficulty walking. The medical staff continued with the same course of treatment (including pain medication and cortisone shots) even though it did not alleviate the plaintiff's discomfort. A physician's assistant thought that the plaintiff should undergo an MRI and be referred to a bone specialist; however, the defendant physician declined to follow that recommendation. Instead, he ordered an x-ray of the plaintiff's hip and pursued the same, general treatment plan.

The plaintiff wrote to Wexford, among others, complaining of the doctor's perceived "unprofessional conduct." In response, Wexford wrote the plaintiff a letter telling him, "If you have concerns regarding your medical care, sign up for sick call." (Complaint, p. 7c, ¶ 17.) The Wexford representative additionally assured the plaintiff that "the medical staff at Dixon C.C. is comprised of qualified and dedicated professionals who are there to assist your medical needs." (*Id.*) Wexford evidently took no further action to intercede on the plaintiff's behalf.

Even accepting the plaintiff's allegations as true, the court discerns no basis for liability on the part of Wexford. The doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). "A 'private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.'" *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002), quoting *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982).
**(CONTINUED)**

In analyzing a section 1983 claim against a private corporation, the court uses the same principles that would be applied in examining claims against a municipality. *Brown v. Ghosh*, No. 09 C 2542, 2010 WL 3893939, *8 (N.D. Ill. Sep. 28, 2010) (Feinerman, J.), citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). An inmate bringing a claim against a corporate entity for a violation of his constitutional rights must show that the corporation supports a "policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Brown*, 2010 WL 3893939, at *8, quoting *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (in turn quoting *Estate of Novack ex rel. v. Cnty. of Wood*, 226 F.3d 525, 530 (7th Cir. 2000)) (a corporate defendant violates an inmate's rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners"). Because liability is not premised upon the theory of vicarious liability, the corporate policy "must be the 'direct cause' or 'moving force' behind the constitutional violation." *Ibid.* In the case at bar, the plaintiff has alleged no facts whatsoever that suggest an inadequate treatment "policy" on the part of Wexford.

The plaintiff's letter to Wexford is insufficient to trigger liability on the part of the company. The corporation is itself too far removed from day-to-day, individual prisoner medical care to be responsible for the plaintiff's medical care. *Compare Gray v. Taylor*, 714 F. Supp. 2d 903, 911 (N.D. Ill. 2010) (Bucklo, J.) (no claim against IDOC's director because "administrators cannot be expected to involve themselves with the minutiae of daily events in the lives of thousands of prisoners") (citations omitted); *see also Smith v. Harvey*, No. 08 C 0816, 2010 WL 1292473, *5 (N.D. Ill. Mar. 29, 2010) (Manning, J.) (a senior official's receipt of a complaint about a subordinate, without more, does not make the senior official personally liable). A single letter to Wexford--in response to which the plaintiff received the reasonable enough suggestion that he contact his treating physicians--is insufficient to reflect a policy or custom of deliberate indifference to inmates' medical needs on the part of the company.

Furthermore, supervisory officials are generally shielded from liability where, as here, a plaintiff is receiving ongoing care from health care professionals. *See, e.g., Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006) (fact that plaintiff's medical needs were being addressed by the medical staff insulated the warden from liability); *contrast Reed v. McBride*, 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act where officials allegedly denied an inmate life-sustaining medication and food). "The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Even though the plaintiff was dissatisfied with his medical care, his own complaint reflects that he was receiving ample [if purportedly ineffective] treatment. Wexford may properly rely on the health care staff to assess an inmate's needs and to provide appropriate care and treatment.

For the foregoing reasons, Wexford Health Sources' motion to dismiss is granted. The plaintiff may proceed only against the individual health care providers.